**Philip GETSON, D.O., Appellant**

v.

**State of NEW JERSEY; Anne Milgram, New Jersey Attorney General in her official capacity; Stephen B. Nolan, Acting Director of the New Jersey Division of Consumer Affairs, in his official capacity; Shanon Joyce, Esq., AAG, in her official capacity; Sandra Y. Dick, Sr. D.A.G., in her official capacity; Kathy Stroh Mendoza, Esq. DAG, in her official capacity; Edward Tumminello, Chief of Enforcement**

750

Bureau, New Jersey Board of Medical Examiners in his official capacity; William Roeder, as Executive Director of The New Jersey Board of Medical Examiners, in his official capacity; New Jersey Board of Medical Examiners; Mary Banks, M.D.; Mahmood Cheema, M.D.; George J. Chiechanowski, M.D.; Ann C. Clemecy Kohler, M.D.; Mario A. Criscito, M.D.; Karen Kriss, R.N.; Jacqueline A. Degregorio, Esq.; Bassam Haddad, M.D.; Paul Jordan, M.D.; Kathryn Lambert, D.O.; Steven Lamazow, M.D.; Paul Mendelowitz, M.D.; Peter Nussbaum, M.D.; Sindy Paul, M.D.; Joseph Richman, M.D.; Debbie Salas Lopez, M.D.; George Scott, D.P.M., D.O.; William Stanley, M.D.; Calvin Strand, M.D.; Kevin Walsh, P.A.; Daniel Weiss; Douglas Wheeler, Esq., the last twenty one defendants being members of The New Jersey Board of Medical Examiners who are sued herein collectively and individually in their official capacities; New Jersey Office of Administrative Law; Joseph F. Martone, Administrative Law Judge in his official capacity; Sandra Desarno Hlatsky, deputy clerk New Jersey Office of Administrative Law in her official capacity; Peggy Harris, Assistant Executive Director of New Jersey Board of Medical Examiners.

Nos. 08–3261, 08–4039.

United States Court of Appeals, Third Circuit.

Nov. 23, 2009.

Jacques G. Simon, Esq., Merrick, NY, Paul W. Verner, Esq., Newark, NJ, for Appellant.

Tara A. Ragone, Esq., Office of Attorney General of New Jersey, Newark, NJ, for Appellee.

Before: RENDELL, BARRY and CHAGARES, Circuit Judges.

## OPINION

BARRY, Circuit Judge.

The Attorney General of the State of New Jersey filed an administrative complaint against Philip Getson, D.O., seeking the suspension or revocation of his medical license. Dr. Getson filed a complaint in federal court, asking the District Court to enjoin the state administrative proceeding and declare that it violated his due process rights. The District Court dismissed the complaint based on *Younger* abstention. *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). We will affirm.

## I.

### A. The Administrative Complaint Against Dr. Getson

On July 12, 2005, the Attorney General filed an administrative complaint against Dr. Getson, alleging that he had committed gross negligence, multiple acts of negligence, and professional misconduct, in violation of N.J. Stat. Ann. § 45:1–21(c), (d), and (e); violated regulations of the Board of Medical Examiners, in violation of N.J.

Stat. Ann. § 45:1–21(h); and engaged in the use of dishonesty, fraud, deception, misrepresentation, false promise, or false pretense, in violation of N.J. Stat. Ann. § 45:1–21(b), by: (1) repeatedly deviating from acceptable medical standards and failing to follow applicable requirements for written prescriptions; (2) failing to properly supervise his Advanced Practice Nurse; (3) making and maintaining medical records that failed to meet regulatory standards; and (4) repeatedly miscoding services when billing. The Attorney General sought the suspension or revocation of Dr. Getson's medical license, as well as civil penalties and costs. The administrative complaint was supported by two expert reports—a lengthy report involving a review of the medical records for nine of Dr. Getson's patients, and a brief report which concluded that one of his patients had not been treated in accordance with the applicable standards of care. Dr. Getson submitted a rebuttal expert report by Albert Talone, D.O. Dr. Talone noted that he had reviewed the medical records for seven of Dr. Getson's patients and concluded that Dr. Getson "met the applicable standards of care for the treatment" of these patients. (App. at 223.)

In January 2006, Steven Lomazow, M.D., a member of the Board of Medical Examiners, contacted Dr. Talone and made "derogatory remarks" about Dr. Getson and "negative comments" about Dr. Talone's participation in Dr. Getson's case.[1] (*Id.* at 52–53.) Dr. Talone refused to talk to Dr. Lomazow about Dr. Getson. Dr. Getson's attorney notified the Board of this conversation, and Dr. Lomazow recused from any participation in Dr. Getson's case. The Attorney General's Office

---

1. Because we are reviewing the District Court's Rule 12(b)(6) dismissal of Dr. Getson's complaint, we must accept his factual allegations as true. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 572, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

later informed Dr. Getson's counsel that the other Board members all confirmed that none of them had spoken to Dr. Lomazow about the substance of Dr. Getson's case.

The following month, Dr. Talone received another phone call, this time from a "lobbyist who was advised by a prominent elected official (the identity of whom was withheld by [Dr. Getson's] attorney) that the official knew that there was a 'problem between Dr. Lomazow and Dr. Tallone [sic].'" (*Id.* at 54–55.) Dr. Getson's attorney informed the Attorney General's Office of this contact and stated that Dr. Talone felt "intimidated and pressured to cease serving as an expert for Dr. Getson." (*Id.* at 240.) By letter dated March 13, 2006, an Assistant Attorney General informed Dr. Getson's attorney that these allegations had been referred to the Division Ethics Officer for review.[2]

A plenary hearing on the administrative complaint against Dr. Getson before Administrative Law Judge ("ALJ") Joseph Martone has been rescheduled several times, and it appears that no hearing has yet been held. After the ALJ conducts the hearing, he will issue a decision containing his recommended findings of fact and conclusions of law. N.J. Stat. Ann. § 52:14B–10(c). The Board of Medical Examiners will then accept, reject, or modify the ALJ's decision, but must clearly state its reasons for doing so. *Id.* Dr. Getson may appeal the Board's decision to the Appellate Division. N.J. Ct. R. 2:2–3(a)(2).

### B. Dr. Getson's Federal Complaint

On July 30, 2007, Dr. Getson filed a ninety-nine page complaint in the District of New Jersey against the State of New Jersey, the Attorney General of the State of New Jersey, and a host of other defendants, including the New Jersey Board of Medical Examiners and each of its members, and ALJ Martone in his official capacity. Dr. Getson alleged that the defendants violated his due process rights under the Fourteenth Amendment to the U.S. Constitution, his civil rights pursuant to 42 U.S.C. § 1983, and several New Jersey statutes, including the Administrative Procedures Act, N.J. Stat. Ann. § 52:14B–1 *et seq.*, and the Civil Rights Act, N.J. Stat. Ann. § 10:6–2. He sought a declaratory judgment and an injunction prohibiting the ALJ and the Board from holding any hearings, deliberating, or taking any other action with respect to his medical license.

The defendants moved to dismiss the complaint pursuant to Rule 12(b)(6), arguing that the *Younger* abstention doctrine prevented the District Court from enjoining the pending state administrative proceeding. Fed.R.Civ.P. 12(b)(6). The District Court granted the motion. This timely appeal followed.

### II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review the District Court's decision to abstain for abuse of discretion. We exercise plenary review, however, over the underlying legal determinations of whether the abstention requirements have been met." *Zahl v. Harper,* 282 F.3d 204, 208 (3d Cir.2002) (citations omitted). Rule 12(b)(6) dismissal orders are subject to de novo review. *Phillips v. County of Allegheny,* 515 F.3d 224, 230 (3d Cir.2008).

### III.

### A. The *Younger* Abstention Doctrine

"*Younger* abstention is a legal doctrine granting federal courts discretion to ab-

---

**2.** Dr. Getson states that the Attorney General's Office "has simply ignored [his] bias com-

plaints and conducted no such inquiry." (Appellant's Br. at 29; App. at 57.)

stain from exercising jurisdiction over a claim when resolution of that claim would interfere with an ongoing state proceeding." *Kendall v. Russell*, 572 F.3d 126, 130 n. 3 (3d Cir.2009) (citing *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)). "Abstention is appropriate when: (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the state proceeding affords an adequate opportunity to raise constitutional challenges." *Zahl v. Harper*, 282 F.3d 204, 209 (3d Cir.2002) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)). The District Court correctly concluded that these requirements had been met, and Dr. Getson does not dispute that conclusion.

*Zahl* is very much on point. In *Zahl*, the plaintiff (a licensed anesthesiologist) sought to restrain the New Jersey Board of Medical Examiners from proceeding with a pending administrative complaint against him, arguing that two of the administrative counts—those alleging Medicare fraud—were preempted by the Medicare statutes. The District Court abstained pursuant to *Younger*, and we affirmed. We found, first, that the state administrative proceeding was "clearly judicial in nature," given that it was being conducted pursuant to New Jersey statutory and regulatory authority with a right to appeal the administrative decision to the state courts. *Zahl*, 282 F.3d at 209 (citations omitted). Second, we noted that "New Jersey has a heavy and traditional interest in regulating the practice of medicine within its borders," and that such regulation is an important element of the state's police power. *Id.* at 209, 210–11. Third, we concluded that the plaintiff could raise his federal constitutional claim in the course of the state administrative proceeding and before the

Appellate Division of the Superior Court on appeal. *Id.* at 209–10 (citation omitted).

## B. Exceptions to *Younger* Abstention

Even when these requirements are met, it is inappropriate to abstain under *Younger* if the plaintiff establishes that "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute, such that deference to the state proceeding will present a significant and immediate potential for irreparable harm to the federal interests asserted." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir.1989) (citing *Middlesex County Ethics Comm.*, 457 U.S. at 435, 102 S.Ct. 2515). Dr. Getson argues that both exceptions to *Younger* abstention are applicable here.

### 1. Bad Faith

A prosecution or proceeding is conducted in "bad faith" for abstention purposes when it is brought "without hope" of success. *Perez v. Ledesma*, 401 U.S. 82, 85, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971); *see also Dombrowski v. Pfister*, 380 U.S. 479, 482, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965) (plaintiffs alleged that threats to enforce anti-communism statutes were "not made with any expectation of securing valid convictions" but rather to harass and discourage the assertion of civil rights). Whether or not Dr. Getson ultimately prevails in the state administrative proceeding, there can be little question that that proceeding was not instituted by the Attorney General without any expectation of success. Dr. Schapiro opined that Dr. Getson deviated from the applicable standards of medical care at least forty-five times in a variety of ways. Dr. Getson, of course, challenges the merits of

these conclusions, and argues that the statutes cited in the expert reports and administrative complaint do not support the allegations against him. These contentions do not, however, establish that the administrative proceeding was brought in bad faith.[3] Notably, Dr. Getson has not suggested that the administrative complaint was brought to retaliate against him or to discourage him from exercising his constitutional rights. *See Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 199 (2d Cir.2002) (bad faith exception applicable only when plaintiff shows "that the state proceeding was initiated with and is animated by a retaliatory, harassing, or other illegitimate motive").

Because it cannot be said that the administrative complaint was brought "without hope" of success and because there is no other indication of bad faith, the District Court correctly concluded that Dr. Getson did not allege facts sufficient to support his claim that this exception to the *Younger* abstention doctrine was applicable.[4]

## 2. Extraordinary Circumstances

■ Dr. Getson also argues that the Board of Medical Examiners is biased against him, constituting an "extraordinary circumstance" warranting a federal court's intervention. The Supreme Court has stated that "such circumstances must be 'extraordinary' in the sense of creating an extraordinarily pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation." *Kugler v. Helfant*, 421 U.S. 117, 125, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975).[5] The state agency or court must be "incapable of fairly and fully adjudicating the federal issues before it" for this exception to apply. *Id.* at 124, 95 S.Ct. 1524.

In *Kugler*, the plaintiff (a municipal court judge) alleged that he had been coerced by members of the Supreme Court of New Jersey to testify before a grand jury in violation of his Fifth Amendment rights. The plaintiff sought to enjoin the resulting criminal proceedings against him, arguing that the justices' involvement constituted "extraordinary circumstances" that compromised the fairness of the state court proceedings. The Supreme Court disagreed, concluding that "the objectivity of the entire New Jersey court system has [not] been irretrievably impaired." 421 U.S. at 127, 95 S.Ct. 1524. Instead, the Supreme Court stressed as a remedy the possible disqualification of biased judges, provided for by court rule. *Id.* at 127–28, 95 S.Ct. 1524 (citing N.J. Ct. R. 1:12–1 to 1:12–3); *see also Aetna Life Ins. Co. v.*

---

3. The cases on which Dr. Getson relies are inapposite. *See Herz v. Degnan*, 648 F.2d 201, 209–10 (3d Cir.1981) (the bad faith exception may apply where a psychologist's license was revoked by the Attorney General in blatant non-compliance with applicable statutes); *Chiropractic Alliance of New Jersey v. Parisi*, 854 F.Supp. 299, 306–07 (D.N.J.1994) (the bad faith exception may apply where plaintiff alleged that state-actor defendants were attempting extortion); *Wichert v. Walter*, 606 F.Supp. 1516, 1521–22 (D.N.J.1985) (declining to abstain where teacher disciplinary proceeding was brought to harass and retaliate against plaintiff for making political comments).

4. The District Court did not, as Dr. Getson suggests, improperly resolve any factual disputes to reach this conclusion, and instead found that Dr. Getson had not pled sufficient facts to state a claim of bad faith so as to preclude application of *Younger*.

5. As an example, the Supreme Court has indicated that a "flagrantly and patently" unconstitutional statute would qualify as an "extraordinary circumstance." *Kugler*, 421 U.S. at 125 n. 4, 95 S.Ct. 1524 (quoting *Younger v. Harris*, 401 U.S. 37, 53–54, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)). No such allegation is made here.

*Lavoie,* 475 U.S. 813, 822, 106 S.Ct. 1580, 89 L.Ed.2d 823 (1986) (due process violation may occur when judge has a "direct, personal, substantial, pecuniary interest" in the proceedings) (internal quotations and citation omitted).

Dr. Getson has alleged only that Dr. Lomazow is biased against him, and that this animus has tainted the entire Board of Medical Examiners. Dr. Lomazow recused from participating in Dr. Getson's case, however, just days after his conversation with Dr. Talone. The other members of the Board have represented that they did not talk to Dr. Lomazow about Dr. Getson's case, and Dr. Getson has not suggested to the contrary. Although Dr. Getson argues that the phone call from the "lobbyist" to Dr. Talone regarding the "prominent elected official" is further evidence of the Board's bias, this call related solely to Dr. Lomazow and not to the other Board members.

While we must accept Dr. Getson's factual allegations as true, he must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* ── U.S. ──, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Dr. Getson's "naked assertion" of bias was clearly insufficient to withstand the motion to dismiss. *Id.* (quoting *Twombly,* 550 U.S. at 557, 127 S.Ct. 1955). He did not and does not allege facts supporting his claim that he will not receive fair treatment before the Board, particularly given the recusal of Dr. Lomazow. *Cf. Gibson v. Berryhill,* 411 U.S. 564, 578–79, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973) (district court properly did not abstain where board members "were incompetent by reason of bias to adjudicate the issues before it" because of personal financial interests in the proceeding).

There are simply no "extraordinary circumstances" warranting federal court intervention into this pending state proceeding.

## IV.

We will affirm the order of the District Court.